

DEFENDANT'S EXHIBIT 1

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:14SW295
SAMSUNG PHONE )
MODEL NO.: SCH-1535 )
IMEI: 990003449729249 )
 )

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Eastern___ District of ___Virginia___
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___June 5, 2014___
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Theresa Carroll Buchanan
   *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for _____ days *(not to exceed 30)*.
☐until, the facts justifying, the later specific date of _____.

Date and time issued:  May 22, 2014  11:25 am   /s/ Theresa Carroll Buchanan
                                                                              United States Magistrate Judge
                                                                              *Judge's signature*

City and state:   Alexandria, Virginia       Hon. Theresa Carroll Buchanan, U.S. Magistrate Judge
                                                                        *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 1:14SW295 | Date and time warrant executed: 5/28/2014 | Copy of warrant and inventory left with: PLACED IN EVIDENCE BAG |
|---|---|---|

Inventory made in the presence of:
MEMBERS OF DEA ST.

Inventory of the property taken and name of any person(s) seized:

— COMPLETE DOWNLOAD OF CELL PHONE.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 08/29/2014

_____
Executing officer's signature

TFO P.A. Locant
Printed name and title

## ATTACHMENT A

The property to be searched is a Samsung Phone, Model No.: SCH-1535, IMEI: 990003449729249, hereinafter the "Device." The Device is currently located at Annandale HIDTA office located in Annandale, Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Title 21, United States Code, Sections 841(a)(1) and 846 and involve George COVARRUBAIZ since February 6, 2013, including:

   a. Records of any communications, including, direct phone conversations, text-messages and instant messages between George COVARRUBAIZ, customers and other individuals involved in the drug trafficking organization;

   b. lists of customers and related identifying information;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording George COVARRUBAIZ's schedule or travel from February 6, 2013 to the present;

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

GEORGE COVARRUBAIZ 000427

AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
SAMSUNG PHONE
MODEL NO.: SCH-1535
IMEI: 990003449729249

)
)
) Case No. 1:14SW295
)
)
)

F I L E D
MAY 22 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A.

located in the ____Eastern____ District of ____Virginia____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 §841(a)(1) | Possession with Intent to Distribute a Controlled Substance; and |
| 21 §846 | Conspiracy to Distribute a Controlled Substance. |

The application is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA/SAUSA:

Michael Ben'Ary/Anna Vlasova

*P.A. Loconti*
*Applicant's signature*

Paul A. Loconti, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 22, 2014

City and state: Alexandria, Virginia

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
*Judge's signature*

Hon. Theresa Carroll Buchanan, U.S. Magistrate Judge
*Printed name and title*

GEORGE COVARRUBAIZ 000424



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | |
| ) | 1:14-SW-295 |
| Samsung Phone ) | |
| Model No.: SCH-1535 ) | |
| IMEI: 990003449729249 ) | |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Paul A. Loconti, a Task Force Officer with the United States Drug Enforcement Administration (DEA), being duly sworn, state as follows:

### INTRODUCTION

1. I am a Deputy Sheriff with the Loudoun County Sheriff's Office (LCSO), Leesburg, Virginia, and have been since 2001. I am currently assigned to the DEA High Intensity Drug Trafficking Task Force located in Annandale, Virginia (Group 12). I have been assigned to this unit since September 2008. Additionally, I have been working as a law enforcement officer in the Commonwealth of Virginia since 1996 and have been an investigator with the Vice/Narcotics Unit for approximately ten years. I am responsible specifically for the enforcement of the statutes of the Virginia Commonwealth code pertaining to the possession and distribution of narcotics and controlled dangerous substances, as well as federal drug trafficking laws in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. I have received training from the Fairfax County Criminal Justice Academy and the Department of Criminal Justice Services in the areas of drug identification, narcotics

investigations, undercover investigation, search and seizure, covert communications and surveillance, and prostitution/gambling operations. I have conducted and assisted in numerous drug related arrests, seizures, and search warrants involving the investigation of drug trafficking on the state and federal level.

3. I have acted in an undercover capacity, acted as the case agent, and assisted as a tactical team leader during these drug operations. In addition, I have assisted with the investigation and prosecution of numerous federal cases. I have been certified as an expert witness concerning possession with the intent to distribute illegal drugs.

4. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and abusers of controlled dangerous substances.

5. Based upon this experience, I am knowledgeable about the methods and modes of narcotics operations, and the language and patterns of drug abuse and trafficking. During the course of my participation in investigations of narcotics trafficking organizations, I have testified in trial, Grand Jury proceedings, and at probable cause and detention hearings. Through my employment with the DEA, I have gained knowledge in the use of various investigative techniques including the utilization of wiretaps, physical surveillance, undercover agents, confidential informants and cooperating witnesses, the controlled purchases of illegal narcotics, electronic surveillance, consensually monitored recordings, investigative interviews, financial

2

investigations, the service of Administrative and Grand Jury Subpoenas, and the execution of search and arrest warrants.

6. This affidavit is submitted in support of a search warrant for a Samsung Phone, Model Number SCH-1535, IMEI: 990003449729249.

7. Wherever in this affidavit I discuss information resulting from physical surveillance conducted in this investigation, that information, except where otherwise indicated, does not set forth my own personal observations, but rather that which has been provided directly or indirectly to me through other law enforcement officers who made such observations. Additionally, unless otherwise noted, wherever in this Affidavit I assert that a statement was made by an individual, such statement is described in substance herein, and is not intended to be a verbatim recitation of such statement. Furthermore, any statements excerpted from recorded conversations, including those that are quoted, are subject to further revision for clarification and/or accuracy. The telephone call summaries for recorded telephone calls in this affidavit are based on preliminary summary translations. To the extent that quotations are used in the descriptions below, the quoted segments are based on reviews of recordings and not final or certified transcripts. Unless otherwise noted, the recorded calls occurred in Spanish and were translated into English by bi-lingual agents.

8. Law enforcement officers utilized confidential sources of information during this investigation. Regardless of the gender of the cooperating source (CS), the CS will be referred to in the masculine gender.

3

9. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government regarding the investigation.

## FACTS ESTABLISHING PROBABLE CAUSE

10. On February 6, 2013, Confidential Source #1 (CS #1) was arrested in the Eastern District of Virginia while attempting to purchase 10 kilograms of cocaine from an undercover DEA Agent and a DEA informant. At the time of his arrest, CS #1 had approximately $300,000 of U.S. Currency in his possession. A subsequent search of CS #1's resident resulted in the seizure of an additional $700,000 of U.S. Currency.

11. CS #1 subsequently pled guilty in the Eastern District of Virginia to conspiring to distribute more than five kilograms of cocaine. CS #1 agreed to cooperate with the government and provide information regarding his involvement in drug trafficking. The information provided by CS #1 has been corroborated by other sources and independent investigation and has proven to be true and accurate. I have no reason to doubt the veracity of the information provided by CS #1.

12. CS #1 stated that he was a member of a Mexican based Drug Trafficking Organization (DTO) that, for the past several years, was responsible for importing multi-kilogram quantities of cocaine from Mexico into the United States. Once inside the United States, the cocaine was transported from Los Angeles, California to the east coast via tractor-trailer. After the cocaine was sold, the proceeds from the sales, in the form of bulk currency, would be shipped back to Los Angeles via tractor-trailer. CS #1 has, on several occasions, met

4

with tractor-trailer drivers to either receive shipments of cocaine, or deliver bulk currency for transport. CS #1 stated that the U.S. Currency seized on February 6, 2013, in the amount of approximately $1,000,000, was drug proceeds that were scheduled to be loaded onto a tractor-trailer in the near future.

13. Based on this information, agents identified Leticia ALEGRIA as a courier transporting illegal drugs and bulk drug proceeds through her position as a tractor trailer driver. Agents subsequently seized approximately $1.8 million from ALEGRIA's truck during a traffic stop on Interstate 81 South in West Virginia.

14. Agents have continued to work this investigation targeting members of the DTO with the assistance of the DEA Los Angeles Field Division (LAFD). Members of DEA Group 12 (Annandale, Virginia) identified Everardo AMADOR Sr. (hereinafter referred to as AMADOR), a San Diego, California based trans-shipment coordinator responsible for the shipment of bulk quantities of illegal drugs and bulk drug proceeds. Specifically, AMADOR owns and operates a trucking company, Jack Rabbit Express, where various tracker-trailer operators transport "cover loads" (legitimate load used to deter law enforcement attention) along with concealed loads of illegal drugs destined for east coast based customers. Following the delivery of the illegal drugs as well as the legitimate load, these drivers will sometimes transport drug proceeds back to the west coast typically concealed with a "cover load."

15. Based on this information, DEA LAFD applied for and received a state (California) authorized wire-tap permitting agents to monitor calls to and from a cell phone used by AMARDOR. During the month January 2014, LAFD DEA intercepted calls between

5

AMADOR and George COVARRUBAIZ (hereinafter referred to as COVARRUBAIZ), previously identified as a driver for Jack Rabbit Express. Through a series of calls between AMADOR and COVARRUBAIZ, agents learned that COVARRUBAIZ was directed to transport a "cover load" along with kilogram quantities of both cocaine and heroin to customers on the East Coast.

16. Based on this information, on January 31, 2014, members of DEA Group 12 obtained a pen register authorized by the Honorable Judge John F. Anderson (EDVA) for the phone of COVARRUBAIZ. Agents monitored COVARRUBAIZ's travel as he continued towards the east coast. On February 03, 2014, Virginia State Police (VSP) initiated a traffic stop on a Jack Rabbit Express tractor trailer driven by COVARRUBAIZ while traveling North on Interstate 81 in Rockingham County, Virginia. A narcotics detecting K-9 indicated a positive alert on the vehicle for the presence of illegal drugs. VSP searched the truck and recovered 21 kilograms of suspected cocaine, and 11 kilograms of suspected heroin. Additionally, VSP recovered a Samsung cell phone, Model No: SCH-1535 and IMEI: 990003449729249, as documented above, suspected to be the cell phone COVARRUBAIZ was using to talk with AMADOR, which was intercepted by LAFD. All seized evidence was turned over to DEA Group 12 agents and transported to the Annandale HIDTA office located in Annandale, Virginia. This same Samsung cell phone is currently stored at the Annandale HIDTA office where it will be processed as evidence pursuant to this on-going investigation.

GEORGE COVARRUBAIZ 000438

## UPDATED INFORMATION

17. On March 12, 2014, TFO Paul Loconti went before the Honorable Ivan D. Davis (Eastern District of Virginia) who issued a search warrant for target phone authorizing agents to obtain any information stored within the Samsung cell phone, Model No: SCH-1535 and IMEI: 990003449729249 (target phone). Following this, agents attempted to download the data stored on the target phone but were unable to access and obtain any information due to the target phone's security features. Agents were unable to successfully access the target phone within the 14 day timeframe authorized by the first search warrant. Since that time, TFO Paul Loconti spoke with DEA agents who are capable of defeating the security features which will allow agents to recover information stored within the target phone.

## CONCLUSION

18. Based on my training, experience, and participation in narcotic and drug-related investigations and the training and experience of other Agents/ TFOs with whom I am working on this investigation, I know that:

   a. It is common for individuals engaged in the distribution of controlled substances to utilize telephonic communications, both cellular and hard line, to further their criminal activities by coordinating the distribution of narcotics, illegal proceeds of narcotics trafficking, and other efforts of co-conspirators;

   b. Individuals engaging in the distribution of controlled substances utilize cellular telephones and cellular telephone technology to communicate and remain

7

in constant contact with customers and the sources of those controlled substances, and;

c. Individuals who engage in the distribution of controlled substances utilize cellular telephones to exchange information with customers and/or source(s) of supply through text-messaging and instant messaging in addition to direct telephone conversations.

19. Based on the facts outlined above, there is probable cause to believe that evidence of the crime of narcotics trafficking, specifically those items set forth in Attachment A, in violation of 21 U.S.C. 841(a)(1) and 846, are contained within Samsung cell phone Model No: SCH-1535 with IMEI: 990003449729249. Wherefore, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, I respectfully request a warrant to search this cellular phone.

Paul A. Loconti
Drug Enforcement Administration
Task Force Officer

Sworn and subscribed to before me
This 22 day of May, 2014.
/s/
Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa Carroll Buchanan
United States Magistrate Judge

8

GEORGE COVARRUBAIZ 000440

## ATTACHMENT A

The property to be searched is a Samsung Phone, Model No.: SCH-I535, IMEI: 990003449729249, hereinafter the "Device." The Device is currently located at Annandale HIDTA office located in Annandale, Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Title 21, United States Code, Sections 841(a)(1) and 846 and involve George COVARRUBAIZ since February 6, 2013, including:

   a. Records of any communications, including, direct phone conversations, text-messages and instant messages between George COVARRUBAIZ, customers and other individuals involved in the drug trafficking organization;

   b. lists of customers and related identifying information;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording George COVARRUBAIZ's schedule or travel from February 6, 2013 to the present;

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.