IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA

v.

GEORGE HENRY COVARRUBAIZ

Criminal No.: 5:14-CR-19

## RESPONSE TO DEFENDANT'S OPPOSITION TO REQUEST EVIDENTIARY HEARING

The Court should conduct the evidentiary hearing that it scheduled for Monday, September 29, 2014, because the Court previously assured both parties it would permit the introduction of additional evidence, and it has the discretion to do so.

The defendant insists that the only basis for Trooper Miller's stop on February 3, 2014 was the defendant's defective lights. However, Trooper Miller expressly testified during the hearing on July 17, 2014, that, before the stop in question, Trooper Miller had "received information that the vehicle could possibly be transporting a large quantity of narcotics." Exhibit 1 at 26. Additionally, Trooper Miller documented this same information about a possible narcotics load in a Virginia State Police Report; in the report, he stated "On 02-03-14, I was given information from Special Agent D.P. Cutting with DEA regarding a commercial vehicle possibly transporting a large amount of narcotics traveling Northbound on Interstate 81." Exhibit 2. Trooper Miller's report was disclosed to the defense on May 30, 2014, long before the suppression hearing. This is not new information.

Therefore, Trooper Miller had stated, in both writing and testimony, that before

1

he stopped the defendant's vehicle on February 3, 2014, he had received information that a vehicle possibly containing a large load of narcotics would be traveling up Interstate 81 on February 3, 2014. At the same time, however, law enforcement also had chosen to delay revealing the source of this information (the wiretap) because the leader of the defendant's drug trafficking organization, Everardo Amador, had not yet been arrested in California. Revealing the wiretap investigation to the defendant and others before Amador was arrested would significantly increase the likelihood of Amador's flight, and could endanger the safety of those involved in the investigation, as outlined in the United States' previous brief.

At the conclusion of the suppression hearing in this matter on July 17, 2014, the defense requested the opportunity to file a substantive brief in support of its pending motion to suppress. At that time, the defense had not yet filed a substantive brief that outlined the substantive basis for its motion and its arguments. In response, the Court granted the defense's request to file a brief, but also assured the parties it would entertain additional evidence and briefing at a future time.

The United States did not "waive" its right to present this additional evidence of reasonable suspicion supporting the stop on February 3, 2014, when it simply waited to reveal the additional evidence for the reasons outlined above. Instead, the United States chose to reveal the source for the additional basis for the stop, which was the wiretap, at the appropriate time for doing so: after Amador was arrested. This is not a new theory. As detailed above, Trooper Miller has testified about this information and also wrote a report referencing this information, which was shared with the defense. This matter is still open because the Court has not decided the motion, and the Court has the discretion

to consider this additional evidence.

The defense cited and quoted *United States v. Kithcart*, 218 F.3d 213 (3rd Cir. 2000) in support of its argument that the United States should not be permitted to present additional evidence on this motion, but *Kithcart* dealt with a different issue.  *Kithcart* dealt with the question of whether, after an appeal and upon remand, the Government could introduce additional evidence on a motion to suppress that the Court had previously decided.  Further, the Court in *Kithcart* noted that the Government provided no explanation for why it had failed to introduce the additional evidence at issue during the first motion to suppress hearing.  Here, by contrast, the Court has not yet issued its decision, there has been no appeal, and the Government has provide a legitimate explanation for why it waited to provide the additional basis for the stop of the defendant on February 3, 2014.  Since the Court has not yet decided the pending motion it has the discretion to consider additional evidence before it reaches its decision.

Finally, the United States requests a decision from the Court on this matter as soon as is convenient for the Court.  To present certain pieces of evidence during the upcoming evidentiary hearing, a witness is flying to Virginia from California on Sunday, September 28.  Other witnesses are traveling from other cities, as well.  Accordingly, the Court's decision on whether the hearing will occur as scheduled on Monday, September 29, will impact witness travel plans.


Dated:  September 26, 2014

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

s/Grayson A. Hoffman
GRAYSON A. HOFFMAN
Assistant United States Attorney
United States Attorney's Office
116 N. Main Street
Harrisonburg, VA 22802
(540) 432-6636

# C E R T I F I C A T E

I hereby certify that a true and correct copy of the foregoing United States' Response to the Defendant's Motion to Suppress has been electronically filed by the court's CM/ECF system on this 26th day of September, 2014.

s/Grayson A. Hoffman
GRAYSON A. HOFFMAN
Assistant United States Attorney
