UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 5:14cr19

GEORGE HENY COVARRUBAIZ

### DEFENDANT'S FIRST MOTION IN LIMINE

Defendant George Henry Covarrubaiz moves *in limine* pursuant to Federal Rule of Evidence 104 for an order precluding the use of certain evidence by the government in its case-in-chief as more fully described below.

### A.     *Procedure*

On March 3, 2015, the court granted the motion of the defendant to continue the trial date, and the trial has been rescheduled for April 6, 2015. The court ordered that pretrial motions be filed by March 16 and that responses be filed by March 23. The court has scheduled a hearing on motions for March 24.

### B.     *Background*

On October 2, 2014, Covarrubaiz was indicted on three charges: (1) conspiracy to distribute one or more kilograms of heroin, and conspiracy to distribute five or more kilograms of cocaine; (2) possession with the intent to distribute one or more kilograms of heroin; and (3) possession with the intent to distribute five or more kilograms of cocaine. These charges resulted from a traffic

stop of the tractor trailer Covarrubaiz was driving on I-81 on February 3, 2014. After a narcotics dog alerted on the vehicle the police searched and found a number of packages of suspected narcotics. Subsequent tests determined the packages contained a total of 10 KG of heroin and 32 KG of cocaine.

During the search of the tractor trailer and the arrest of Covarrubaiz, police found a metal pocket knife.[1] The knife has the words "La Colonia" scratched on its handle, and the word "Sinaloa" scratched on its blade. Since the government has referred to this knife prominently in pleadings, it is assumed that the government will propose to introduce the knife into evidence at trial. For the reasons discussed below the court should not permit the introduction of this evidence.

## C.     Discussion

Evidence should not be admitted unless it is relevant. Federal Rule of Evidence 401 states that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Nevertheless, relevant evidence may be excluded if its probative value is outweighed by prejudice, confusion or some other factor. F.R.E. 403.

---

[1] It is not entirely clear where the knife was found. At the preliminary hearing in state court, Trooper Miller said the of the knife: "I believe that was found on his right pants pocket." In his written report Trooper Miller reported that when Covrarrubiaz was searched the police found several pages of driver's logs in his left and right pants pockets without mentioning a knife. Bates No. COVARRUBAIZ000025. The knife may have been found somewhere in the vehicle, not on Covarrubaiz's person.

Sinaloa is one 31 states that compose the country of Mexico.  It is located in Northwestern Mexico, along the eastern coast of the Gulf of California, and includes the tourist destination of Mazatlan.  It is a heavily agricultural area and is known as "Mexico's breadbasket.  It is also the namesake of the "Sinaloa Cartel," a drug trafficking organization that operates in Baja California, Durango, Sonora, and Chihuahua, as well as in Sinaloa.  According to the most recent estimates, the population is 2.8 million people.

In the affidavit that was submitted by DEA agent Paul A. Loconti in support of the complaint filed in this court on April 24, 2014, Trooper Miller recovered from Covarrubaiz a metal pocket knife with the words "La Colonia" crudely etched on the handle and the word "SINALOA" just as crudely etched on the blade of the knife.  Agent Loconti stated that based on his training experience he knew



the Sinaloa Carte to be a large scale drug trafficking organization that is responsible for transporting bulk quantities of illicit drugs and drug proceeds into and out of the United States.  Agent Loconti went to on to say that the drug

trafficking organization uses tractor trailers to transport bulk quantities of drugs and money and that the drivers used by the organization are often known and trusted by the organization because of the inherent danger of getting caught. See Document #2, Exhibit #1, p. 5.

Covarrubaiz assumes that the government would want to introduce the knife into evidence, not because it has an inherent evidentiary value on its own, but to introduce evidence of the word "Sinaloa" etched on its blade and then use the agent's testimony to bootstrap the implication that Covarrubaiz is connected to what is regarded as the world's largest and most dangerous drug trafficking organization.

This situation illustrates the difference between an inference and a speculation. The government is entitled to, and is often required to, introduce evidence from which inferences can be drawn. An inference is a logical consequence that is derived from an assumed premise. Collins English Dictionary-Complete & Unabridged 2012 Digital Edition. A speculation, on the other hand, is a product of conjecture or supposition.

Perhaps if only the word "Sinaloa" were etched on the knife it would be a closer call. Agent Loconti's affidavit states that the word "SINALOA" is etched on the *handle* of the knife, which it clearly isn't, and the affidavit completely omits the fact that the words "La Colonia" are etched on the handle. Agent Loconti leaps

to the conclusion that the knife is evidence that Covarrubaiz is connected to the Sinaloa cartel drug organization, which is not an inference, because it is not derived from a valid premise, but is instead speculation that is passed off as expert opinion as a substitute for evidence.

The words "La Colonia" means literally "the colony." In Mexico "colonia" is commonly used to refer to a residential neighborhood. However, it has taken on a specific meaning and refers "to a community within the mainly rural US-Mexico region with marginal conditions related to housing and infrastructure." See, U.S. Department of Housing and Urban Development, Colonias Quick Facts, http://portal.hud.gov/hudportal/HUD?src=/program_offices/comm_planning/communitydevelopment/programs/colonias.

Read one way, the phrase "La Colonia Sinaloa" could refer to the state of Sinaloa or a community called "Sinaloa." Read another, it could refer to the Sinaloa drug cartel, particular if the words "La Colonia" are omitted as the government would have it. The situation is no better than ambiguous and hardly supports the premise that having possession of a pocket knife with the words "La Colonia Sinaloa" is evidence of association with the Sinaloa drug cartel, as though it were some kind of membership card.

The only evidentiary value of the knife is the word "Sinaloa" etched on the blade, and the word "Sinaloa" has evidentiary value only if is interpreted by a

government witness to create an association with a drug trafficking organization. On its own, the word has perfectly innocent meaning. The danger of prejudice is that the jury is invited by the government not to draw logical inferences but to indulge in speculation.

### D.     Conclusion

The knife with the words "La Colonia Sinaloa" has no inherent evidentiary value and is irrelevant. The government's attempt to derive a sinister inference from the word "Sinaloa" is based on nothing other than speculation. The pocket knife that was found during the search should not be admitted into evidence.

                                                                              Respectfully submitted,
                                                                              GEORGE HENRY COVARRUBAIZ
                                                                              By Counsel

S/Frederick T. Heblich, Jr.
Frederick T. Heblich, Jr.
Supervisory Assistant
 Federal Public Defender
401 East Market Street, Ste. 106
Charlottesville, VA 22902
VSB 21898
(434) 220-3386
Fred_Heblich@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

                S/<u>Frederick T. Heblich, Jr.</u>
                Frederick T. Heblich, Jr.
                Supervisory Assistant
                 Federal Public Defender